# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **EDWARD BOVEE**<br><br>Plaintiff<br><br>vs.<br><br>**CORPORAL SAM WILKS**<br><br>And<br><br>**TOWN OF WYOMING**<br><br>Defendants | **CIVIL ACTION NO.**<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE 4TH AMENDMENT OF THE CONSTITUTION OF THE UNITED STATES, SECTION 1983 OF THE CIVIL RIGHTS ACT, ASSAULT, BATTERY, EXCESSIVE FORCE, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |

Plaintiff, Edward Bovee, by way of Complaint against defendants Corporal Sam Wilks and the Town of Wyoming says:

## **PARTIES**

1. Plaintiff, Edward Bovee, is an adult individual and citizen of the State of Delaware, residing in Dover, Delaware. Bovee is a 58-year-old male.

2. Defendant, Town of Wyoming, was and still is a domestic municipal corporation duly organized and existing under and by virtue of the laws of the State of Delaware, with a principal place of business located at 120 W. Camden-Wyoming Avenue, Wyoming, DE 19934.

3. Defendant Corporal Samuel Wilks was at all times a relevant employee of the defendant, Town of Wyoming. At all times herein mentioned, defendant Wilks was acting under the color of law and his individual capacity as a police officer of the defendant, Town of Wyoming. Wilks is no longer an employee of the Town of Wyoming. Prior to Wyoming hiring Wilks, Wilks had a history of complaints regarding excessive force and police brutality in prior positions.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the lawsuit because the action arises under the Laws and Constitution of the United States, in particular, the Fourth and Fourteenth Amendments and 42 U.S.C.A. § 1983 Plaintiff was deprived of his rights secured to him under the Constitution and the laws of the United States, including the right not to suffer from excessive force. Plaintiff Bovee suffered an assault by Corporal Wilks and sustained severe and permanent injuries to his person.

5. The Court has supplemental jurisdiction under 28 U.S.C § 1367 over the plaintiff's claims arising under State law, including but not limited to violations of his State Constitutional rights against defendants, excessive force, assault, and intentional infliction of emotional distress because these claims are so related to

the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391, as the claims at issue arose in this judicial district.

## COMPLAINT
## GENERAL ALLEGATIONS

7. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

8. On December 1, 2021, Plaintiff Bovee was driving his vehicle and following another driver to her residence.

9. Plaintiff was traveling westbound on North Layton Avenue crossing the intersection of Camden Wyoming Ave.

10. While driving, defendant Corporal Wilks in a Town of Wyoming Police Department vehicle activated his lights behind Plaintiff.

11. Plaintiff turned into his friend's residence at 32 Caesar Rodney Avenue.

12. After parking at his friend's residence, Plaintiff was assaulted by Corporal Wilks.

13. Wilks continually struck Plaintiff with his two-way radio while on top of Plaintiff who was on the ground.

14. During the assault, Wilks looked around the area to see if anyone was watching his actions, when Wilks believed no one was watching him, Wilks continued his attack against Bovee.

15. Bovee was not fighting back against Corporal Wilks.

16. Wilks was striking Plaintiff in his head while Plaintiff was lying on his stomach on the ground.

17. While Wilks was assaulting Plaintiff, Bovee asked "What did I do wrong?".

18. Subsequently, Plaintiff was charged with Driving a Vehicle Under the Influence, Disregarding a Police Officer's Signal, Resisting Arrest, Failure to Stop at a Stop Sign, Driving the Wrong Way on a One Way Road, Unreasonable Speed, and taking a Left or U-Turn Only Where Allowable.

19. All of Plaintiff's charges were dismissed on October 4, 2022, based on "Prosecutive Merit".

20. As a result of Wilks' violent actions against Bovee, he was driven by ambulance to Kent General Emergency Room and subsequently Christiana Hospital.

21. As a result of Defendant's actions, Bovee suffered the following injuries:

-Bilateral nasal bone fractures.

-Left orbital floor blowout fracture.

-Right lamina papyracea fracture.

-Diffuse left intra orbital/neck emphysema

-Pneumomediastinum

22. Plaintiff's injuries after the assault can be viewed below.







## COUNT I

### PLAINTIFF BOVEE VS. CORPORAL WILKS
### DEPRIVATION OF FEDERALLY-PROTECTED RIGHTS
### 4th AMENDMENT

23. The allegations contained above are incorporated herein as though fully set forth in this cause of action.

24. The actions of defendant Wilks were committed under the color of and authority of the defendant Town of Wyoming and its police department, and while acting in his individual capacity as a police officer. The actions of the defendant recklessly disregarded and therefore deprived the plaintiff of his rights under the Laws and Constitution of the United States, in particular, the Fourth Amendment (excessive force) and 42 U.S.C.A. § 1983.

25. Plaintiff was thereby deprived of rights and immunities secured under the Constitution and Laws of the United States, including but not limited to the right to be secure in this person, to be free from excessive use of force, and to be afforded due process and equal protection under the laws.

## COUNT II
### PLAINTIFF BOVEE VS. TOWN OF WYOMING
### FAILURE TO TRAIN, SUPERVISE, AND DISCIPLINE UNDER MONELL

26. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

27. Defendant, Town of Wyoming, and its police department, as a matter of policy and practice failed to discipline, train, supervise or otherwise sanction police officers who violate the rights of citizens, including the plaintiff's, thus encouraging defendant Wilks, in this case, to engage in the unlawful and actionable conduct described above.

28. Defendant, Town of Wyoming, and its police department as a further matter of policy and practice failed to train properly its police officers, including defendant Wilks in this case, with respect to the constitutional, statutory, and departmental limits of their authority.

29. At all times herein mentioned, the defendant Wilks was an employee of the defendant, Town of Wyoming.

30. The defendant, the Town of Wyoming, and its Police Department were on actual notice of a need to train, supervise, discipline, or terminate its defendant officers prior to the incident in question as other similar incidents of illegal assaults and excessive force have occurred in the past involving defendant Wilks.

## COUNT III
## PLAINTIFF BOVEE VS. CORPORAL WILKS - ASSAULT

31. The foregoing paragraphs are incorporated in this Count but will not be restated for the sake of brevity.

32. The above-described illegal assault of the plaintiff constitutes an assault and battery by defendant Wilks, as a result of which the plaintiff was physically injured as well as sustained severe and significant emotional distress.

### COUNT IV
### PLAINTIFF BOVEE VS. CORPORAL WILKS
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. The allegations contained above are incorporated herein as though fully set forth.

34. The above-described illegal detention and arrest of the plaintiffs constitute an assault and battery by defendant Wilks, as a result of which the plaintiff was injured and sustained severe and significant emotional distress including loss of appetite, inability to sleep, anxiety, depression, and post-traumatic stress.

### PLAINTIFF BOVEE VS. CORPORAL WILKS AND THE TOWN OF WYOMING- DAMAGES

35. The above paragraphs are repeated and incorporated herein by reference as if set forth in full.

36. As a direct and proximate result of the defendant's conduct, the plaintiff suffered physical pain and suffering in the past and future, severe mental anguish in the past and future, and was deprived of his State and Federal Constitutional Rights as aforementioned, and will suffer economic damages and was otherwise damaged.

37. The incident described above has also resulted in injuries to the plaintiff requiring psychological attention. The plaintiff has suffered and will suffer in the future from permanent residuals.

## ATTORNEY FEES

38. It was necessary for the plaintiff to hire the undersigned attorney to file this lawsuit. Upon judgment, the plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. § 1988 (b).

## PRAYER

39. The above paragraphs are repeated and incorporated herein by reference as if set in full.

40. Plaintiff demands judgment against defendant Wilks individually, jointly, and/or in the alternative for compensatory damages, punitive damages, attorney fees, interest and costs of suit, and such relief as the Court may deem just and equitable.

41. Plaintiff demands judgment against the defendant Town of Wyoming jointly and/or in the alternative for compensatory damages, attorney fees, interest, and costs of suit and such relief as the Court may deem just and equitable.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

42. Plaintiff asserts his rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule 38, a trial by jury on all issues.

**THE POLIQUIN FIRM, LLC**

By: */s/ Ronald G. Poliquin*
Ronald G. Poliquin, Esquire
Delaware Bar ID No. 4447
1475 S. Governors Ave.
Dover, DE 19904
(302) 702-5501

Attorney for Plaintiff Edward Bovee

Date: February 20, 2023