# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **EDWARD BOVEE**<br><br>Plaintiff,<br><br>vs.<br><br>**CORPORAL SAM WILKS AND TOWN OF WYOMING,**<br><br>Defendants. | CIVIL ACTION NO. 1:23-cv-00192-CFC |

## ANSWER TO MOTION FOR SUMMARY JUDGMENT AND IN THE ALTERNATIVE MOTION TO STRIKE OPENING BRIEFS

**COME NOW** the Plaintiff, by and through its attorneys, and hereby move this Court for an order denying Defendants' Motion for Summary Judgment and in the alternative striking the Opening Briefs in violation of the Scheduling Order and as grounds therefore state:

1. Dispositive motions in this case were due June 28, 2024. (D.I. 40)

2. On June 28, 2024, Defendants filed a motion for summary judgment along with a brief in support. (D.I. 41)

3. On July 9, 2024, this Court issued an Order denying the motion for summary judgment for not filing a separate concise statement of facts with the motion. (D.I. 50) as required by the Scheduling Order (D.I.13, ¶11.c)

4. On July 10, 202, this Court granted a Motion for Leave to file the Summary Judgment and Opening Briefs no later than July 19, 2024 to remedy the deficiencies identified by the Court Order. (D.I. 52)

5. On July 16, 2024 and July 17, 2024 Defendant filed two (2) Motions for Summary Judgment along with Answering Briefs. (D.I. 53-56)

6. Neither Opening Brief was filed with a separate concise statement of facts as required. In addition, the "Statement of Facts" included within the Opening Briefs do not provide citations to any document supporting the party's interpretation of the material facts.

7. The only record cited is a police report by Corporal Wilks in footnote 1. This is the only citation to the record despite the exchange of discovery, five depositions, and other materials. Despite the footnote referencing Corporation Wilk's deposition, it does not reference any specific portion of the deposition transcript supporting its "Statement of Facts". Rather the footnote states. "Moreover, Corporal Wilks testimony in his deposition was consistent with the narrative… (of the police report)" See Footnote 1 of Defendant's Opening Briefs.

8. Although Defendants attaches other exhibits, it does not cite to portions of those exhibits in supports of its Statement of Facts.

9. Defendants fail to attach the deposition transcripts of two eyewitness accounts (Charles Fischer and Nelson Dodd).

10. The Statement of Facts contained in both briefs do not identify any portion of any supporting document as required by the Scheduling Order. (D.I.13, ¶11.c)

11. The Scheduling Order makes clear the importance placed on a separate Concise Statement of Facts Requirement in the Scheduling Order. "The party must detail each material act in its concise statement of facts. The concise statement of facts play an important gatekeeping role in the Court's consideration of summary judgment motions." See Footnote 1 of Scheduling Order.

12. Defendants again violated the Scheduling Order by not filing a separate concise statement of facts with citations to the record (D.I.13, ¶11.b, c, d)

13. Despite being given the opportunity to correct the deficiency, Defendants do not provide a separate concise statement of facts nor provide any citations to the record which would enable this Court to consider its Motion for Summary Judgment.

14. In addition, Rule 7.1.3(c)(E) of the Local Rules District of Delaware require briefs to include a concise statement of facts with supporting references to the record. Defendants' briefs fail to have supporting references to the record.

15. Failing to file a concise statement of facts in the 3rd Circuit can have severe consequences. The court may deem the facts asserted by the opposing party as admitted for the purposes of resolving the motion for summary judgment. This

means that any material facts set forth by the moving party will be considered undisputed unless specifically denied or otherwise controverted by a separate concise statement from the non-moving party. *D'Alfonso v. Reddinger*, 2023 U.S. Dist. LEXIS 170009, *Coleman v. Heider*, 2023 U.S. Dist. LEXIS 206435, *Coleman v. Heider*, 2024 U.S. Dist. LEXIS 20696.

16. Conversely, Defendants failure to provide a separate Concise Statement of Facts at all requires denial of their motions.

                                         **THE POLIQUIN FIRM, LLC**

                                         /s/ Ronald G. Poliquin (I.D. 4447)
                                         Ronald G. Poliquin, Esquire
                                         1475 S. Governors Ave.
                                         Dover, DE  19904
                                         (302) 702-5501
                                         *Attorney for Plaintiff*

Dated: July 19, 2024