IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE ESTATE OF EDWARD BOVEE, | |
| Plaintiff, | |
| v. | Civil Action No. 23-192-CFC |
| CORPORAL SAM WILKS and TOWN OF WYOMING, | |
| Defendants. | |

## ORDER

Pending before me are Defendant Town of Wyoming's Motion for Summary Judgment (D.I. 53), Defendant Corporal Sam Wilks' Motion for Summary Judgment (D.I. 55), and Defendants' Motion for Leave (D.I. 59).

On June 28, 2024, Defendants jointly filed a motion for summary judgment. D.I. 41. On July 9, 2024, I denied that motion because "[a]lthough the Scheduling Order expressly requires the filing of a concise statement of facts with any summary judgment motion, D.I. 13 ¶ 11.c, Defendants did not file a concise statement of facts." D.I. 50.

Defendants then filed a Motion for Leave to file Motions for Summary Judgment and Opening Briefs in Support of Summary Judgment (D.I. 51), asking for "additional time . . . to file motions for summary judgments and opening briefs

in support of summary judgment . . . *consistent with the requirements of the Case Scheduling Order.*" D.I. 51 ¶ 3 (emphasis added).  I granted this motion.  *See* D.I. 52.

On July 16, 2024, Wyoming filed its pending motion for summary judgment.  D.I. 53.  The next day, Wilks filed his pending motion for summary judgment.  D.I. 55.  Notwithstanding my July 9, 2024 Order and the Scheduling Order's express requirement that a separate concise statement of facts accompany any summary judgment motion, neither Wyoming nor Wilks filed a separate concise statement of facts with their motions.

In its answer to Defendants' motions for summary judgment, Plaintiff requests that I deny Defendants' motions or alternatively strike their opening briefs for failure to comply with the Scheduling Order.  *See* D.I. 57 at 1.  In response, Defendants jointly filed a reply brief in which they argue that their motions for summary judgment complied with the Scheduling Order because "[e]ach of the [o]pening [b]riefs filed by Defendants have separate sections titled 'Statement of Facts' which provide[] a succinct and concise set of statements of the events that occurred on December 1, 2021."  D.I. 58 ¶ 9.  Later that same day, Defendants filed the pending Motion for Leave (D.I. 59), seeking leave to file separate concise statements of facts because "after consulting with other counsel, [they] determined the format the Court is seeking is different than what has been submitted."  D.I. 59

2

¶ 6. Defendants attached to their Motion for Leave two separate concise statements of facts for each of their motions for summary judgment. *See* D.I. 59-1, D.I. 59-2.

I will deny Defendants' motions for summary judgment and Motion for Leave based on their repeated and blatant disregard of the express terms of the Scheduling Order. I am also persuaded that Plaintiff will suffer prejudice from another delay in the summary judgment briefing schedule. The Pretrial Order in this case is due in less than two months (on September 19, 2024) and a jury trial is less than three months away (beginning on October 21, 2024). *See* D.I. 13 ¶¶ 18–19.

Defendants argue in support of their motions that "[t]he Third Circuit has 'repeatedly stated our preference that cases be disposed of on the merits whenever practicable,' *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)." D.I. 59 ¶ 8. Make no mistake, consistent with *Hritz,* this case will be decided on the merits. But because of the repeated failures of Defendants' counsel to comply with unambiguous court orders, the merits will be adjudicated solely at trial.

3

NOW THEREFORE, at Wilmington on this Twenty-sixth day of July in 2024, it is HEREBY ORDERED that:

1. Defendant Town of Wyoming's Motion for Summary Judgment (D.I. 53) is **DENIED**.

2. Defendant Corporal Sam Wilks' Motion for Summary Judgment (D.I. 55) is **DENIED**.

3. Defendants' Motion for Leave (D.I. 59) is **DENIED**.

                                                                                                                               */s/ Colm F. Connolly*
                                                                                                                                CHIEF JUDGE